OPINION BY OTT, J.:
Appellants, Helen Kessel and Karen Powell, appeal from the decree of January 17, 2018, denying their petition to enforce the forfeiture clause in the probated will of Lillian Powell ("Decedent") against Appellee, Myrna Dukat. For the reasons below, we vacate the decree and remand for a hearing consistent with this opinion.
Decedent died on October 29, 2012, survived by three children: Myrna Dukat, *375 Helen Kessel, and Richard Powell.[1] Between 1989 and 2012, Decedent executed sequentially five wills with codicils thereto, seven trusts with amendments thereto, and three powers of attorney. See Petitioners and Respondents Joint Exhibits, Ex. JT-18 (a chart summarizing Decedent's estate planning documents). In all of Decedent's trust agreements and wills executed between 2008 and 2012, Dukat was to receive a larger portion of Decedent's estate than her siblings. Under the Will dated February 21, 2011, Dukat was to receive seventy percent of Decedent's estate.
Decedent's Seventh Amended and Restated Revocable Trust Agreement, dated February 2, 2012, provided that the balance of the trust be distributed to the executor of her Will to be distributed as per the residuary clause in the Will. See N.T., 5/19/2015, at 17, Exhibit JT-3, Seventh Amended and Restated Revocable Trust Agreement, 2/12/2012, at Item V. Her Last Will and Testament dated February 2, 2012, and probated November 2, 2012 ("Probated Will"), distributed her residuary estate equally among her children. See N.T., 5/19/2015, at 100, Exhibit JT-2, Last Will and Testament, 2/2/2012, at Item FOURTH. The Probated Will named Kessel and Powell as co-executors, and included the following clause:
Will Contest Provision: If any beneficiary or remainderman under this Will in any manner, directly or indirectly, contests or challenges this Will or any of its provisions, any share or interest in my estate given to that contesting beneficiary or remainderman under this Will is revoked and shall be disposed of in the same manner provided herein as if that contesting beneficiary or remainderman had predeceased me without issue.
Id. at Item TWELFTH F. ("Forfeiture Clause").
On January 4, 2013, Dukat filed a petition for citation and preliminary injunction to declare Decedent's Probated Will null and void, on the grounds of undue influence, fraud, constructive fraud, lack of capacity, defamation/undue influence and equitable estoppel.
The subsequent relevant procedural history, as stated by the orphans' court, is as follows:
[Kessel and Powell] filed an Answer with New Matter on May 28, 2013, seeking enforcement of the Forfeiture Clause against [Dukat] for lack of probable cause, to which [Dukat] replied by filing an "Answer to New Matter" on June 17, 2013 requesting that [Kessel and Powell's] New Matter be dismissed with prejudice. By Decree dated July 9, 2013, the [orphans' c]ourt ordered all counsel to show cause why the matter should not be dismissed for attacking the validity of Decedent's duly Probated Will without filing an appeal to the Register's Grant of Letters Testamentary. [Dukat] filed a Notice of Appeal with the Register of Wills on October 2, 2013. Several case management decrees were subsequently issued to set discovery deadlines and schedule conference and trial dates.13
13 See Court Decrees dated March 6, 2014, April 3, 2014, June 4, 2014, August 6, 2014, and February 19, 2015.
Trial Court Opinion, 4/12/2018, at 4.
Hearings were held on May 19 and 20, 2015, on Dukat's petition. At the conclusion of Dukat's case, Kessel and Powell moved for a compulsory nonsuit which was held under advisement by the orphans' court. By decree dated June 30, 2015, the orphans'
*376 court granted the motion for nonsuit, denied Dukat's appeal from the Register of Wills, and affirmed the probate of the Will dated February 2, 2012. The decree was filed on July 2, 2015, but notice of the entry of the decree was not sent to the parties until July 6, 2015.
On July 29, 2015, Kessel and Powell filed a petition to enforce the Probated Will's forfeiture clause. Nearly a year later, on July 8, 2016, Dukat filed a motion seeking to limit evidence regarding the forfeiture clause to the evidence presented during the will contest. Kessel and Powell filed an answer, and memorandum of law, on August 12, 2016. On December 29, 2016, the orphans' court entered the following decree:
AND NOW, this 29th day of December 2016, upon review of the Motion to Limit Evidence and the response filed thereto,
It is hereby ORDERED and DECREED that said Motion is granted to the extent that evidence to be presented to the Court on outstanding forfeiture petition shall be limited to that which was presented/admitted at the Trial of the above matter .
It is further ORDERED and DECREED that within 60 days from the receipt of this Decree, the part[ies] shall give their submissions in the form of Proposed Findings of Fact[ ] and Proposed Conclusions of Law, which shall be discreet and concise, and wherever possible, refer to Citations of Law and the record. Upon receipt and review of the same, the Court shall thereafter enter its decision or take further action as appropriate.
Decree, 12/29/2016 (emphasis supplied).[2]
Thereafter, the parties complied with the court's directive and filed proposed findings of fact and conclusions of law. On January 16, 2018, the orphans' court denied the forfeiture petition, without a hearing. This timely appeal by Kessel and Powell followed.[3]
At the outset, we state our standard of review:
When reviewing a decree entered by the Orphans' Court, this Court must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion. However, we are not constrained to give the same deference to any resulting legal conclusions. Where the rules of law on which the court relied are palpably wrong or clearly inapplicable, we will reverse the court's decree.
Estate of Fuller , 87 A.3d 330, 333 (Pa. Super. 2014) (citation omitted).
Kessel and Powell present the following issues for our review:
1. Was the Trial Court's finding that probable cause existed to institute the probate appeal an error of law and/or against the weight of the evidence?
2. Did the Trial Court err as a matter of law and/or abuse its discretion when it granted the Motion to Limit Evidence *377 and denied [Kessel and Powell] the right to create a record with respect to the Forfeiture Petition?
3. Did the Trial Court deny [Kessel and Powell's] right to procedural due process under the Pennsylvania and United States Constitutions when it granted the Motion to Limit Evidence and denied [them] the right to create a record with respect to the Forfeiture Petition?
Kessel and Powell's Brief at 3. Because our resolution of Kessel and Powell's second and third claims is dispositive, we will address those issues first.
Section 2521 of the Probate, Estates and Fiduciaries Code, which took effect in January of 1994, provides:
A provision in a will or trust purporting to penalize an interested person for contesting the will or trust or instituting other proceedings relating to the estate or trust is unenforceable if probable cause exists for instituting proceedings.
20 Pa.C.S. § 2521. The Comment to the statute further explains:
This new section provides that a provision in a will or trust purporting to penalize an interested person from contesting the will or trust is unenforceable if probable cause exists for instituting proceedings. This follows section 2-517 of the Uniform Probate Code and codifies existing law. See Fiduciary Review, February 1994, p. 3.
Id. at Comment.
Kessel and Powell's final two issues challenge the trial court's grant of Dukat's motion to limit evidence with respect to the forfeiture petition. As they are related, we will consider them together. Kessel and Powell first argue the "the legal effect of the forfeiture clause was not before the [Orphans'] Court in the Will Contest." Kessel and Powell's Brief at 52. Although they acknowledge they included the issue in their new matter, they insist it was not necessary for them to do so because the "mere presence of the forfeiture clause in the Will" was not an "affirmative defense" to any of the claims raised by Dukat. Id. at 53. Indeed, they emphasize the will contest raised questions concerning probate, while the forfeiture petition raised a question of distribution. See id. at 52. Moreover, they state "there is no prohibition against presenting at a separate forfeiture hearing evidence that was not part of the Will Contest record[.]" Id. at 56. Kessel and Powell note that they did not have to present any evidence to succeed in the will contest, and the orphans' court's ruling effectively "punished [them] for winning the Will Contest on nonsuit." Id. at 56 (footnote omitted). Second, they assert the court denied them procedural due process when it refused to conduct a hearing on their petition, particularly since the forfeiture claim "was not even justiciable until after a final decision was rendered" on the probate claim. Id. at 59.
In its opinion, the orphans' court explained it granted Dukat's motion to limit the evidence because Kessel and Powell effectively waived the forfeiture claim when they failed to request bifurcation or a further hearing at the end of Dukat's case-in-chief. See Orphans' Court Opinion, 4/12/2018, at 15-16. Instead, they moved for a compulsory nonsuit. The court opined:
[Kessel and Powell] had every opportunity to produce evidence and build a record on the forfeiture issue at the time of trial but instead made the strategic decision to move for nonsuit, and thus admitted no evidence essential to prove entitlement to forfeiture at trial.
The [orphans' court] committed no error and did not abuse its discretion in limiting the evidence with respect to forfeiture *378 to the record created at the will contest trial when it was clear to all parties, and the [ ] Court, that the forfeiture issue was established from the onset of this matter and was ripe for disposition at the time of the trial.
Id. at 17.[4] Furthermore, although the court recognized "it is common in Orphans' Court litigation for one estate to generate a multitude of litigation raised by separate petitions," the forfeiture issue here was raised by Kessel and Powell in the will contest, therefore "it was their responsibility to see to its ultimate prosecution or severance/bifurcation from trial." Id. at 19.
Pennsylvania Orphans' Court Rule 3.6 designates the types of pleadings that are permitted after a party files a petition, such as Dukat's petition for citation. See Pa.O.C. Rule 3.6. Relevant herein, subsection (a) allows the opposing party to file "an answer that can include new matter[.]" Pa.O.C. Rule 3.6(a). With regard to new matter, Orphans' Court Rule 3.11 mirrors the language in Pennsylvania Rule of Civil Procedure 1030 :
All applicable affirmative defenses shall be pleaded in the answer under the heading "New Matter." A party may set forth as new matter any other material facts that are not merely denials of the averments of the preceding pleading.
Pa.O.C. Rule 3.11.[5] Generally, new matter focuses on affirmative defenses. Pennsylvania Rule of Civil Procedure 1030 makes clear that all affirmative defenses (with limited exceptions not relevant here) must be pled in new matter, or they are waived. However, the Rule also states: "Defenses which are not required to be pleaded are not waived." Note, Pa.R.C.P. 1030.
Although Kessel and Powell raised the forfeiture clause in their new matter, it is not an affirmative defense to the will contest. Indeed, the applicability of the forfeiture clause was entirely dependent upon the outcome of the will contest - had Dukat's claim been successful, the probated will, and its attendant forfeiture clause, would have been been declared null and void and the February 21, 2011, Will, which contained no forfeiture clause, would have been probated. Therefore, we conclude Kessel and Powell were not required to plead the applicability of the forfeiture clause in new matter.
Nevertheless, the orphans' court found Kessel and Powell waived their right to present additional evidence supporting forfeiture because they did, in fact, raise the issue in their pleadings, but did not present any evidence concerning Dukat's purported lack of probable cause to challenge the will during the will contest. Rather, Kessel and Powell moved for a nonsuit after Dukat's case-in-chief and "failed to make any requests at that time to have a separate hearing on enforcement of the Forfeiture Clause or to bifurcate the forfeiture issue and continue the trial to admit evidence on that issue only." Orphans' Court Opinion, 4/12/2018, at 15-16.
We disagree. Even though Kessel and Powell alerted the orphans' court to the forfeiture clause, both in their new matter and in their pretrial memorandum, when Dukat failed to make out a prima facie *379 case supporting her claims, they properly moved for a nonsuit, which was taken under advisement and a Decree entered 41 days later. The orphans' court provides no authority requiring Kessel and Powell to ignore the inadequacy of Dukat's case in order to preserve their right to present evidence relevant to enforcement of the forfeiture clause. The forfeiture issue is a separate and distinct cause of action and not ripe unless and until the court determines the will contest is unsuccessful. Furthermore, the judge never indicated that Kessel and Powell should proceed with testimony in support of their new matter. See N.T., 5/20/2015, at 133 (after argument on the nonsuit, the court stated, "[i]t's apparent that we're not going to go forward today[;] I think we've all agreed upon that"); 134 (the court explained the parties would be advised if the nonsuit was granted, but if not, the court would "be in contact with you to schedule two more days"). After the court granted their nonsuit in the will contest on July 2, 2015, Kessel and Powell promptly filed the petition for forfeiture on July 29, 2015.[6]
There is no corresponding Orphans' Court rule delineating when or how the proponent of a will may enforce a forfeiture clause. In the present case, Kessel and Powell filed a petition for forfeiture within 30 days of the order denying Dukat's petition for citation. Although they believed the court could enforce the clause on the record before it, they averred: "Unless the Court concludes that it can enforce the Forfeiture Clause based on the record created at the hearing in May 2015, Petitioners request that a hearing be scheduled to address this issue, including [Dukat's] various admissions in February 2012, which have not yet been made part of the Court's record." Petition to Enforce Forfeiture Clause, 7/29/2015, at ¶ 61. Under the circumstances presented here, we conclude the orphans' court erred in finding Kessel and Powell waived their right to present additional evidence in support of their forfeiture petition. As noted supra , a forfeiture clause is "unenforceable if probable cause exists for instituting proceedings." 20 Pa.C.S. § 2521. A petition to enforce a forfeiture provision is not ripe until the orphan's court determines a challenge to a will was unsuccessful, and Section 2521 requires proof that the unsuccessful challenger lacked probable cause.
We also agree with Kessel and Powell's claim that the orphans' court's refusal to conduct a hearing on their forfeiture petition infringed upon their right to procedural due process. See Kessel and Powell's Brief at 57-61.
The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property. When protected interests are implicated, the right to some kind of prior hearing is paramount.
Bd. of Regents of State Colleges v. Roth , 408 U.S. 564, 569-570, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) (footnote omitted). Here, Kessel and Powell insist they are entitled to a larger share of the Decedent's estate pursuant to the forfeiture clause, a claim that involves a deprivation of their property rights.
Consequently, we vacate the decree denying Kessel and Powell's petition to enforce the forfeiture clause, and remand for *380 a hearing consistent with this opinion.[7]
Decree vacated. Case remanded for a hearing on the petition for forfeiture. Jurisdiction relinquished.

Subsequent to the filing of this appeal, Richard Powell died, and his wife and executor, Karen Powell, was substituted as a party in this action.

The order was entered on the docket on January 4, 2017.

On January 26, 2018, the orphans' court ordered Kessel and Powell to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Kessel and Powell complied with the court's directive, and filed their concise statement on February 14, 2018. The orphans' court entered its opinion on April 12, 2018.

The orphans' court noted Kessel and Powell not only raised the forfeiture issue in their Answer with New Matter, "earmarking it as an issue from the very onset of the will contest[,]" they also addressed the claim in their pretrial memorandum, where they stated it "will be an issue before the Court at trial[,]" and reserved the right to "revisit the question of forfeiture more completely, based on the record created." Orphans' Court Opinion, 4/12/2018, at 14-15 (emphasis omitted).

The Note to the Rule confirms that it "is derived from Pa.R.C.P. 1030." Note, Pa.O.C. Rule 3.11.

It merits emphasis that Section 2521 does not contain a timeliness provision for the filing of a petition to enforce a forfeiture clause. Compare 20 Pa.C.S. 2210 (surviving spouse's notice of election to take or not take elective share must be filed within six months after decedent's death or date of probate, whichever is later).

Because of our disposition, we do not address the underlying question of whether Dukat had probable cause to challenge the Probated Will.